IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE No. 09-23691-CIV-SEITZ/O'SULLIVAN

AMERICAN HOME ASSURANCE
COMPANY,

    Plaintiff,

v.

PENINSULA II DEVELOPERS, INC., et al.,

    Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AMERICAN HOME ASSURANCE COMPANY FOR CERTIFICATION OF THE OCTOBER 19, 2010 ORDER FOR IMMEDIATE APPEAL UNDER 28 U.S.C. §1292

Plaintiff American Home Assurance Company (American Home), through counsel, files this memorandum of law in support of its motion requesting that the Court vacate its October 19, 2010 Order (DE 115) determining what law applies to the insurance policies at issue and reissue the Order with a certification for immediate appeal as provided under 28 U.S.C. §1292(b).

### I.    BACKGROUND

In this lawsuit, American Home seeks a declaration that it has no duty to defend or indemnify defendants Peninsula II Developers, Inc. (Peninsula), Gryphon Construction, LLC (Gryphon), and Skyline Systems, Inc. (Skyline), under three commercial liability insurance policies issued by American Home with respect to claims of property damage and bodily injury related to allegedly defective Chinese drywall installed in a condominium building that defendants developed and constructed in Florida.

The parties dispute what law the Court should apply when interpreting the policies. As the Court noted in the October 19, 2010 Order, the parties elected to bifurcate the proceeding

because of the importance of resolving the choice of law issue.[1]  In accordance with the agreed June 21, 2010 Scheduling Order, the parties conducted limited discovery focused on choice of law and filed cross-motions seeking a determination of what law applies to the policies at issue. The Court heard oral argument on August 19, 2010.

On October 19, 2010, the Court issued an Order granting Peninsula's motion and denying American Home's motion.  The Court held that under Florida law, the choice-of-law rule for a liability policy insuring a stationary risk is *lex loci contractus*, rejecting American Home's argument that such policies are governed by the law of the site of the risk.[2]  It further held that under *lex loci contractus* the policies are governed by California law, not Florida law, because the last act necessary to complete the contract took place in California.

## II.   ARGUMENT

Under 28 U.S.C. §1292(b), a district court may certify an otherwise unappealable interlocutory order for immediate appeal.  The district court must certify in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." *Id.*  These requirements are satisfied in this case.

A controlling question of law exists where there is "an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'"  *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004). In this case, there are at least five controlling questions of law for appeal:

---

[1] *Order Granting Peninsula II's Motion on Choice of Law and Denying American Home's, Landmark's and Westchester's Motions on Choice of Law dated October 19, 2010* (Order) (DE 119) at 2.  *See also Joint Scheduling Report* (DE 47) at 9 ("The parties agree that choice of law may impact resolution of certain coverage issues in this lawsuit.").
[2] *Id.* at 6-12.

1. Whether the doctrine of *lex loci contractus* or the site of the risk determines what law governs a general liability insurance policy that insures risk at a fixed site in Florida?
2. Whether under the doctrine of *lex loci contractus*, the last act necessary to make an insurance contract is the place where an acceptance is received or the place from which the acceptance is sent?
3. Whether under Florida law, a purported acceptance that is not identical to the terms of the offer constitutes a counteroffer?
4. Whether the location of an agent of a disclosed principle is determinative under *lex loci contractus* where the agent acts merely as the conduit for decisions by the principal?

Each of these questions involves an issue that the appellate court can resolve as a matter of law without "having to delve beyond the surface of the record in order to determine the facts." *Id.* at 1259. They are sufficiently abstract to "lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* The answer to each question is relevant to determining what law applies to all commercial general liability policies an insured obtains from an insurer through the insured's agent.

Regarding each question, there is a substantial ground for difference of opinion because "courts espouse different opinions as to the particular question of law, separate and apart from an application of the law to the facts." *Grand Lodge of Pa. v. Peters*, No. 8:07-cv-479-T-26EAJ, 2008 U.S. Dist. LEXIS 118321 at *5 (M.D. Fla. July 18, 2008). As to the first question, the Court found that the issue had been settled by *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160 (2006), in favor of applying *lex loci contractus* to stationary risks.[3] Notwithstanding *Roach*, however, the Eleventh Circuit concluded two years later that the applicable choice of law rule was unsettled under Florida law and certified the choice of law question to the Supreme Court of Florida. *See United States Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031 (11th Cir. 2008). The parties resolved the case, however, before the Supreme Court of Florida decided the choice of law issue. With regard to the second question, the Court notes in

---

[3] Order at 10-11.

the October 19, 2010 Order that there is disagreement among courts applying *lex loci contractus* as to whether the last act necessary occurs in the place where the acceptance is sent or received.[4] Florida courts have not addressed the third question but courts applying *lex loci contractus* under Virginia law have concluded that the agent's location is immaterial because the agent merely acts a conduit and is not necessary to make the contract.[5] Finally, this Court did not rule on whether the action by Peninsula's agent constituted a counteroffer, choosing instead to address the choice of law issue under alternative scenarios. Florida courts, however, have held that a contract is not formed unless the acceptance is absolute, unconditional, and identical with the terms of the offer; any deviation from the offer is effectively a counteroffer.[6]

Resolving these questions would materially advance the ultimate termination of the litigation. What law applies will determine whether certain coverage defenses apply, most notably the pollution exclusion in the policies. State and Federal courts applying Florida law have repeatedly held that pollution exclusions, like the one in the American Home policies, clearly and unambiguously bar coverage for damage and injury allegedly caused by indoor releases of gases, fumes, contaminants and similar pollutants.[7] If American Home's appeal is successful, the parties could move quickly to address the application of the pollution exclusion through motions for summary judgment. The fact that the pollution exclusion may apply to bar coverage will also create incentives for the parties to attempt to resolve this case. Absent an immediate appeal on the choice of law, the parties will have to litigate all the other issues under

---

[4] *Id.* at 15.
[5] *See Admiral Ins. Co. v. G4S Youth Servs.*, 634 F. Supp. 2d 605, 611-612 (E.D. Va. 2009); *Great Am. Ins. Co. v. Gross*, No. 2008 U.S. Dist. LEXIS 10079 at *17-*18 (E.D. Va. Feb. 11, 2008).
[6] *See Strong & Trowbridge Co. v. H. Baars & Co.*, 54 So. 92, 93-94 (Fla. 1910); *Grant v. Lyons*, 17 So. 3d 708 (Fla. Dist. Ct. App. 2009); *Cheverie v. Geisser*, 783 So. 2d 1115, 1119 (Fla. Dist. Ct. App. 2001).
[7] *Auto Owners Ins. Co. v. City of Tampa Hous. Auth.*, 231 F.3d 1298, 1300-1301 (11th Cir. 2000); *Technical Coating Applicators, Inc. v. United States Fid. & Guar. Co.*, 157 F.3d 843, 844 (11th Cir. 1998); *West Am. Ins. Co. v. Band & Desenberg*, 138 F.3d 1428 (11th Cir. 1998); *Philadelphia Indem. Ins. Co. v. Yachtsman's Inn Condo Ass'n*, 595 F. Supp. 2d 1319 (S.D. Fla. 2009); *Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325, 1332-34 (S.D. Fla. 2006); *Deni Assocs. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1138 (Fla. 1998)

California law and then American Home will be entitled to appeal. If the appellate court holds that Florida law applies, the parties will then have to re-litigate all the issues under Florida law. For these reasons, appealing the choice of law questions at this time may materially advance the resolution of the case.

### III.  CONCLUSION

For the reasons stated above, American Home respectfully requests that the Court vacate its October 19, 2010 Order and reissue the order with a certification for immediate appeal as provided under 28 U.S.C. §1292(b).

Dated:  October 28, 2010.                                      Respectfully submitted,

/s/Cindy L. Ebenfeld
Cindy L. Ebenfeld, Esq.
Ellen Novoseletsky, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street, Suite 104
Cooper City, FL  33026
Tel:   (954) 624-8700
Fax:  (954) 624-8064
cebenfeld@mhickslaw.com
enovoseletsky@mhickslaw.com

*and*

Warren Lutz, Esq. (*pro hac vice*)
Paul D. Smolinsky, Esq. (*pro hac vice*)
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300
Washington, DC 20036
Tel:    (202) 457-1600
Fax:   (202) 457-1678
wlutz@jackscamp.com
psmolinsky@jackscamp.com

*Counsel for American Home Assurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 28, 2010,** a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served on the following counsel of record in the manner specified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or mail, this **28th day of October 2010**:

| | |
|---|---|
| **VIA CM/ECF**<br>Sandra Kennedy, Esq.<br>Ferencik Libanoff Brandt Bustamante and Williams, P.A.<br>150 S. Pine Island Road, Suite 400<br>Ft. Lauderdale, FL 33324<br>Tel:     954/397-7808 - direct<br>Tel:     954/474-8080 - main<br>Fax:    954/474-7343<br>skennedy@flbbwlaw.com<br>*Attorneys for Defendant Skyline Systems* | **VIA MAIL**<br>Michael David Lichtenstein, Esq.<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland,NJ 07068<br>Tel:     973/597-2408<br>Fax:    973/597-2409<br>mlichtenstein@lowenstein.com<br>*Attorneys for Defendant Peninsula II* |
| **VIA CM/ECF**<br>James W. Carpenter, Esq.<br>Eric C. Edison, Esq.<br>Angelo & Banta, P.A.<br>SunTrust Center, Suite 850<br>515 E. Las Olas Blvd.<br>Ft. Lauderdale, FL 33301<br>Tel:     954/766-9930<br>Fax:    954/766-9937<br>jwc@angelolaw.com<br>ece@angelolaw.com<br>*Co-Counsel for Defendant Peninsula II* | **VIA CM/ECF**<br>Alexander E. Barthet, Esq.<br>John C. Hanson, II, Esq.<br>The Barthet Firm<br>200 S. Biscayne Blvd., Suite 1800<br>Miami, FL 33131<br>Tel:     305/347-5290<br>Fax:    305/377-8695<br>abarthet@barthet.com<br>jhanson@barthet.com<br>*Attorneys for Defendant Gryphon Construction* |
| **VIA CM/ECF**<br>Benjamin L. Bedard, Esq.<br>Roberts, Reynolds, Bedard & Tuzzio, P.A.<br>470 Columbia Drive, Bldg. 101C<br>West Palm Beach, FL 33409<br>Tel:     561/688-6560<br>Fax:    561/688-2343<br>bbedard@rrbpa.com<br>*Attorneys for Third-Party Defendant Landmark American Ins. Co.* | **VIA CM/ECF**<br>Anaysa Gallardo, Esq.<br>Cozen & O'Connor<br>200 S. Biscayne Blvd., Ste, 4410<br>Miami, FL  33131<br>Tel:     305/704-5953<br>Fax:    305/704-5955<br>agallardo@cozen.com<br>*Attorneys for Third Party Defendant Westchester Fire Insurance Co.* |
| **VIA CM/ECF**<br>David Dekker, Esq.<br>Stephen Palley, Esq.<br>Howrey, LLP<br>1299 Pennsylvania Avenue, NW | |

| | |
|---|---|
| Washington, DC  20004-2402<br>Tel:     202/383-7253 (Direct:  Palley)<br>Fax:    202/383-8701<br>palleys@howrey.com<br>dekkerd@howrey.com<br>*Attorneys for Defendant Peninsula II* | |

/s/ Cindy L. Ebenfeld

- 7 -

1613101v.1